UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUDRA K. STAFFORD, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>KEY MECHANICAL CO. OF WASHINGTON,<br><br>            Defendant. | Case No. 21-CV-5063<br><br>KEY MECHANICAL CO. OF WASHINGTON'S NOTICE OF REMOVAL |

TO:  The United States District Court for the Western District of Washington at Tacoma;

AND TO:  Audra K. Stafford, Plaintiff;

AND TO:  James B. Pizl of Entente Law PLLC, Plaintiff's Counsel of Record.

PLEASE TAKE NOTICE that Defendant Key Mechanical Co. of Washington ("Key Mechanical") hereby removes the above-captioned matter from the Superior Court of the State of Washington for Pierce County to the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. § 1441(a) and (c) on the basis of original federal jurisdiction under the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. § 185. In support of its notice, Key Mechanical states as follows:

NOTICE OF REMOVAL – 1
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

## I. The State Court Action

1. On December 23, 2020, Plaintiff Audra K. Stafford ("Stafford") filed a Class Action Complaint for Damages against Key Mechanical in the Superior Court of the State of Washington for Pierce County under Cause No. 20-2-08973-2.

2. Stafford served Key Mechanical with the Summons and Complaint on or about December 29, 2020. True and correct copies of the Summons and Complaint are attached as Exhibit A.

## II. Timeliness of Removal

3. Key Mechanical's Notice of Removal is timely because it is filed within thirty (30) days of service. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Mitchem Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period).

## III. Federal Question Jurisdiction Based on the Labor Management Relations Act

4. The above-captioned action is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(a) and (c). Under 28 U.S.C. § 1331, federal district courts have jurisdiction over this matter because the Complaint states a federal question arising under the laws of the United States.

5. The Complaint arises out of Stafford's employment with Key Mechanical, and alleges, among other things, causes of action for: (a) failure to pay wages for all time spent driving company vehicles in violation of the Washington Minimum Wage Act; (b) failure to ensure rest periods in violation of the Washington Industrial Welfare Act; and (c) failure to provide meal periods in violation of the Washington Industrial Welfare Act. *See* Exhibit A.

NOTICE OF REMOVAL – 2
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

6. Key Mechanical is in the construction trade as a commercial refrigeration and Heating, Ventilation, & Air Conditioning ("HVAC") contractor. Key Mechanical is engaged in the construction, installation, and maintenance of commercial refrigeration. Declaration of Frank Leonard in Support of Key Mechanical Co. of Washington's Notice of Removal ("Leonard Decl.") at ¶2.

7. At all relevant times, Key Mechanical has been and is a company engaged in commerce and is in an industry affecting commerce within the meaning of Section 2(2), 2(6), and 2(7) of the National Labor Relations Act ("NLRA") and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6)(7) and 185(a) ("Section 301").

8. At all relevant times, Key Mechanical has been and is a member of the Mechanical Contractors Association of Western Washington. Leonard Decl. at ¶2.

9. At all relevant times, a collective bargaining agreement entered into by and between United Association Local #32 of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Local 32") and Mechanical Contractors Association of Western Washington (the "Local 32 CBA") has governed the terms and conditions of Stafford's employment at Key Mechanical. Leonard Decl. at ¶3, Ex. A.[1]

10. The CBA contains detailed provisions regarding wages, overtime, travel time, and hours, as well as provisions requiring employees to grieve and arbitrate "[a]ll disputes . . . that arise during the term of this Agreement...." Leonard Decl. at ¶3, Ex. A (Article IX Grievance Procedures).

---

[1] A separate collective bargaining agreement between Sheet Metal and Air Conditioning Contractors' National Association ("SMACNA") Western Washington and Local Union No. 66 of the International Association of Sheet Metal, Air, Rail, and Transportation Workers has governed the employment of other members of the putative class. Leonard Decl. at ¶4, Ex. B.

NOTICE OF REMOVAL – 3
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

11.     A plaintiff is not permitted to "artfully plead" her complaint to conceal the true nature of the complaint. *See Federal Tx. Bd. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983); *Schroader v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled on other grounds*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009). Thus, the fact that Stafford has not made specific references to Section 301 of the LMRA in her Complaint does not preclude removal. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). This Court may properly look beyond the face of the Complaint to determine if the claims asserted are preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroader*, 702 F.2d at 191.

12.     A state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Federal Tx. Bd.*, 463 U.S. at 23.

13.     Although the language of Section 301 references "suits for violation of contracts," the United States Supreme Court has construed Section 301 "quite broadly to cover most state law actions that require interpretation of labor agreements." *Associated Builders & Constrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997). Thus, Section 301 preempts state law claims if their evaluation is "inextricably intertwined" with consideration of the terms of a labor contract, *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991), or if those claims are "substantially

NOTICE OF REMOVAL – 4
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

dependent on analysis and interpretation of a collective bargaining agreement." *Caterpillar*, *Inc.*, 482 U.S. at 394.

14. Courts employ a two-step test to determine whether a claim is preempted under LMRA § 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). The first question is whether the asserted cause of action involves "a particular right [that] inheres in state law or, instead, is grounded in a CBA." *Burnside*, 491 F.3d at 1060. "The essential inquiry is this: Does the claim seek 'purely to vindicate a right or duty created by the CBA itself[?]'" *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (*citing Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018)). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Burnside*, 491 F.3d at 1059.

15. If the plaintiff's right exists independently of the collective bargaining agreement, the second step involves an inquiry "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. *Curtis*, 913 F.3d at 1153 (citing *Kobold*, 832 F.3d at 1033). At this second step of the analysis, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (*quoting Livadas*, 512 U.S. at 124).

**A.    Plaintiff's Meal and Rest Break Claims Arise from the Local 32 CBA.**

16. Stafford's meal and rest break claims are founded "directly on rights created by collective bargaining agreements." In her Complaint Stafford alleges, among other things, that Key Mechanical violated "the Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, which requires employers to provide a rest period of not less than ten minutes, on the employer's time, for each four hours of working time" and "to provide thirty-minute meal periods to their employees for work shifts greater than five hours in

NOTICE OF REMOVAL – 5
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

length and prohibits employees from working more than five consecutive hours without a meal period." Complaint ¶¶ 7.2, 8.2.

17. Under RCW 49.12.187, collective bargaining agreements in the construction trade may supersede an employee's rights under WAC 296-126-092 "if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods," as the collective bargaining agreement that governed Stafford's employment does. *See also* WAC 296-126-130(8)(a)("Employers in construction trades with collective bargaining agreements negotiated under the National Labor Relations Act, 29 U.S.C. Sec. 151 *et seq.*....may vary from the meal and rest period rules, WAC 296-126-092, provided the agreement specifically requires meal and rest periods and prescribes requirements concerning those meal and rest periods.").

18. Key Mechanical is in a construction trade because it is a commercial refrigeration and HVAC contractor engaged in the construction, installation, and maintenance of commercial refrigeration. Leonard Decl. at ¶2. Moreover, the Local 32 CBA was negotiated under the National Labor Relations Act, 29 U.S.C. Sec. 151 *et seq. See* Leonard Decl. at ¶3, Ex. A (Article II – Recognition). The purpose of the Local 32 CBA is to "improve productivity, efficiency, and maintain quality workmanship in the Plumbing and Pipefitting industry." *Id.*, Ex. A (Purpose of the Agreement).

19. The Local 32 CBA includes a "UA Standard for Excellence" which requires that "all members...[a]dhere to the contractual starting and quitting time, including lunch and break periods." Leonard Decl. at ¶3, Ex. A (UA Standard for Excellence). Article XVIII – Working Conditions and Hours of Labor, Section 3, also specifically requires both "meal periods" and "one

NOTICE OF REMOVAL – 6
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

paid fifteen (15) minute coffee break for an eight (8) hour shift" (i.e., a rest break). *Id.*, Ex. A (Article XVIII, Section 3).

20. The Ninth Circuit has held that Section 301 preempted the types of claims alleged by Stafford. For example, in *Curtis*, the plaintiff claimed that the employer "violated section 510(a) of the California Labor Code, which provides a default rule for overtime." 913 F.3d at 1153. Similar to WAC 296-126-130(8)(a), California Labor Code § 510(a) provides that the default overtime rules do not apply in certain situations. The Ninth Circuit concluded that the plaintiff's claim failed in light of section 510(a)(2), which provides that "the requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to...[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." *Id.* The Court held that "[i]f Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301.'" *Id.* at 1153-54.

21. In *Marquez v. Toll Global Forwarding*, 804 Fed. Appx. 679 (9th Cir. 2020), the Ninth Circuit addressed a similar issue. California Labor Code § 512 requires meal periods. Like WAC 296-126-130(8)(a),[2] however, California Labor Code § 512(e) provides that the meal period provisions "do not apply to an employee specified in subdivision...if...[t]he employee is covered by a valid collective bargaining agreement and...[t]he valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours

---

[2] While California Labor Code § 512(e) addresses only meal break claims, WAC 296-126-130(8)(a) is broader as it exempts "construction employers" from both the "meal and rest period rules."

NOTICE OF REMOVAL – 7
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." This subdivision applies to "[a]n employee employed in a construction occupation." The district court found that the plaintiff's meal and rest break claims passed the first prong of the *Burnside* test but failed under the second because they required substantial interpretation of the CBA. *Marquez v. Toll Global Forwarding*, 2018 U.S. Dist. LEXIS 109463, at *9-10 (C.D. Cal. June 28, 2018). The Ninth Circuit affirmed the decision on the meal period claim but on different grounds. *See* 804 F. App'x 679, 680 (9th Cir. 2020). It decided that the meal period claim was statutorily barred under Labor Code § 512(e) and specifically noted that the district court erred by "incorrectly" finding that the plaintiff's "meal period claim did not fail under step one of *Burnside* but failed under step two of the test." *See id.*, n. 2.

22. These decisions squarely encompass Stafford's meal and rest break claims. *See also Troupe v. KLB Constr., Inc.*, No. C10-0599-JCC, 2010 U.S. Dist. LEXIS 154837, at *7 (W.D. Wash. July 7, 2010) (concluding that Section 301 preempted plaintiff's state-law meal break where plaintiff was "bound by the statutory provision for construction-trade employees.").

23. Accordingly, Stafford's entitlement to rest and meal breaks arises from and is governed by the Local 32 CBA and is, therefore, preempted by the LMRA. She cannot assert any such claim based on WAC 296-126-092.

**B.    All of Plaintiff's Claims Require Interpretation of the Local 32 CBA.**

24. Stafford's allegations of wage and hour violations are also "inextricably intertwined" and "substantially dependent" on an analysis and interpretation of the Local 32 CBA.

25. With respect to her rest and meal break claims she alleges, for example, that Key Mechanical "created and maintained timekeeping systems, work schedules, staffing levels, job requirements and a working environment that discouraged Plaintiff and members of the putative

NOTICE OF REMOVAL – 8
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

1  class from taking rest periods and meal periods in compliance with Washington law." Complaint

2  ¶¶ 4.9, 7.5, 8.5.

3        26.    Whether Key Mechanical "created and maintained timekeeping systems, work

4  schedules, staffing levels, job requirements and a working environment that discouraged Plaintiff

5  and members of the putative class from taking rest periods and meal periods in compliance with

6  Washington law" will require interpretation of Article XVIII – Working Conditions and Hours of

7  Labor. As referenced above, Article XVII includes a section governing both meal and rest periods:

**Section 3. Meal Periods.**

(A)    Meal Periods: Meal periods shall occur no sooner than three (3) hours or later than five hours (5) hours after the start of the scheduled work shift. There shall be one paid fifteen (15) minute coffee break for an eight (8) hour shift. This break shall occur as close as possible to the midpoint from the start of shift to the meal period. For ten (10) hour shifts, there shall be an additional fifteen (15) minute coffee break. This break shall occur as close as possible to the midpoint from the meal period to the end of the ten (10) hour shift. All meal periods shall occur in the Dry Shack.

(B)    Work during meal period. When Employees are directed not to leave the work area and be in attendance, overtime shall be paid for the lunch period.

(C)    When any Employee, at the direction of the Employer, works continuously over two (2) hours Overtime after a regular eight (8) hour work shift, he or she shall be allowed a paid meal period of 30 minutes at the expiration of the second hour and every four (4) hours thereafter. On jobs where four (4) regular 10-hour shifts are worked, a paid meal period of 30 minutes shall be allowed before beginning any Overtime and an additional 30-minute meal period shall be allowed every four (4) hours thereafter.

Leonard Decl., ¶3, Ex. A (Article XVIII – Working Conditions and Hours of Labor).

      27.    Accordingly, even if Stafford's right to rest and meal breaks is not a right that is grounded in the CBA (which it is), whether Key Mechanical complied with Washington's meal

NOTICE OF REMOVAL – 9
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

and rest break laws will require an interpretation of key terms and phrases in the Local 32 CBA, such as what a "meal period" and "coffee break" entail, what it means to be "directed not to leave the work area and be in attendance," and what it means to "work[] continuously."

28. Stafford's claim for compensation for time spent driving between home and to job sites also requires an analysis and interpretation of the Local 32 CBA. To support her claim for failure to pay for all hours worked, Stafford alleges that Key Mechanical violated the MWA "by failing to pay Plaintiff and members of the putative class one and one-half times their regular rate of pay for weekly hours worked in excess of forty, including additional compensable time for driving between home to and jobsites, between jobsites and elsewhere and including additional compensable time for Defendant's failure to provide rest and meal periods." (Complaint ¶9.2).

29. To determine whether driving time is compensable under the MWA, courts examine whether the employees are "on duty" at the "employer's premises" or "prescribed work place" within the meaning of WAC 296-126-002(8). *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 48, 169 P.3d 473 (2007).

30. Stafford's Complaint contains allegations that Key Mechanical "supplied Plaintiff and members of the putative class with company vehicles bearing the Defendant's logo and equipped and configured to carry the necessary tools, parts, supplies, and equipment for the jobs" and that "[w]ithout the tools, parts, supplies and equipment that the company vehicles were equipped with, Plaintiff and members of the putative class would not be able to perform the mechanical services for Defendant's customers." (Complaint ¶4.3).

31. Stafford, herself, references "policies and practices prohibiting Plaintiff and members of the putative class from using the provided company vehicles for personal travel." *Id.*

NOTICE OF REMOVAL – 10
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

These "policies and practices" will inevitably include Article XX of the Local 32 CBA, which provides:

### ARTICLE XX – TOOLS

**Section 1.** *All tools and equipment necessary for a job shall be furnished by the Employer*. No Employee shall be required or permitted to supply, lease, rent, or lend any means of conveyance, tools or equipment. An Employee may (but shall not be required to) furnish his or her own hood and goggles. The Employer shall furnish clear glass for hoods and goggles, hardhats, safety glasses, and safety vests to Employees for their protection.

**Section 2.** *All of the Employer's vehicles used in the Plumbing and Pipefitting business (whether leased or otherwise) shall bear the name of the Employer's firm on both sides*.

**Section 3.** The Employer shall furnish all tools needed and stamp or paint such tools with a proper mark for identification purposes.

(A)    The Employer shall furnish all tools required in the performance of assigned work.

(B)    Tools furnished by the Employer shall be the property of the Employer during the course of employment. Tools furnished shall be subject to inspection by the Employer at all reasonable times.

(C)    Tools which are broken or become worn out through ordinary usage shall be replaced by the Employer without cost to the Employee.

(D)    Tools furnished by the Employer to the Employee shall be the responsibility of the Employee. *The Employee shall exercise reasonable care over all tools furnished*.

(E)    At the time of termination of employment, the Employee shall return all tools, keys, credit cards, and all other Employer's property to the Employer in the same condition as received by him or her, subject to damage and fair wear from ordinary usage.

(F)    The Employer is required to furnish to the Employee a set of hand tools (contained in a tool box) required for the performance of assigned work. *During the time of employment, the Employee shall be responsible for these tools and shall exercise care over them and all tools and equipment in their control*. On termination, the Employee will be responsible for returning the hand tools to the Employer in reasonable condition with any missing tools replaced

NOTICE OF REMOVAL – 11
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

by the Employee. Tools lost beyond the Employee's control shall be replaced by the Employer. Tools lost while under the control of the Employer (overnight storage) shall be replaced by the Employer.

**NOTE:** The following tools represent the typical contents of these toolboxes:

| | | |
|---|---|---|
| Channel locks | Pliers | Torpedo level |
| 25' Tape measure | Striker | Tubing Cutter |
| 4 in 1 screw driver | Hammer | Folding rule |
| 8" crescent wrench | 10" pipe wrench | 14" pipe wrench |
| Locking toolbox for same | | |

(G)   Employees performing service, maintenance, remodel work or sewage disposal plant work, where they may come in contact with human waste, must be provided with protective equipment and clothing. These are only to be worn once and must be cleaned and sanitized before being worn again.

**Section 4.** *Employees' personal cell phones may not be carried onto the jobsite and shall not be used for personal calls during business hours unless under special circumstances (e.g., notification of extreme emergencies such as medical conditions, deaths, and/or births of immediate family members) and with the prior consent of the Foreman.* Employees' personal cell phones shall not be used for conducting the Employer's business.

Leonard Decl., ¶3, Ex. A (Article XX) (emphasis added).

32.   Accordingly, the extent to which Key Mechanical restricted Stafford's personal activities and controlled her time will necessarily depend on an interpretation of what tools are "necessary for a job," what it means to "exercise reasonable care" (and whether it equates to a policy "prohibiting Plaintiff and members of the putative class from using the provided company

NOTICE OF REMOVAL – 12
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

vehicles for personal travel" as alleged in paragraph 4.5 of the Complaint), and whether the Employer-issued vehicle entails a "jobsite."

33. The facts of this case are distinguishable from the facts in *Burnside*, in which the Ninth Circuit held that whether employees were entitled to compensation for time spent traveling did not require an "interpretation" of the at-issue collective bargaining agreements. 491 F.3d at 1074. There, the employer argued that "the CBAs each contain provisions stating that the employer will provide free or employer-paid parking at the worksite unless parking areas were remote or hazardous" and that the terms "remote" and "hazardous" were thus subject to conflicting interpretations. *Id.* at 1072. The Ninth Circuit rejected this argument because "[w]hether Kiewit had an obligation to provide employees with parking near the jobsite...does not bear on whether Kiewit in fact required its employees to commute to the jobsite from a designated meeting point." *Id.* at 1072. The Ninth Circuit also rejected the employer's argument that "some of 'the CBAs provide that employees will not be paid when they voluntarily chose to ride the van to work,' and that 'the term 'voluntarily' is subject to conflicting interpretation[s]': because Wage Order 16-2001 required payment for travel time only when the employer mandates use of its transportation" and thus there was no need to interpret the term "voluntary." Unlike in *Burnside*, however, the central issue here is not whether employer-provided transportation was "mandatory" but rather the "extent to which [Key Mechanical] restricts [Stafford's] personal activities and controls [her] time to determine whether [she is] "on duty" for purposes of WAC 296-126-002(8)." *See Stevens*, 162 Wn.2d at 48.

34. In sum, the Complaint is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that Stafford's wage and hour allegations

NOTICE OF REMOVAL – 13
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

are preempted by Section 301 as the terms and conditions of Stafford's employment are covered by the Local 32 CBA.

35.     To the extent that the claims alleged in the Complaint may not be completely preempted by Section 301, they are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

### IV.     Venue & Intradistrict Assignment

36.     Venue is proper in the Western District of Washington at Tacoma because this is the District of the United States encompassing the place where this action is pending and because the cause of action arose in Pierce County. 28 U.S.C. § 1441(a).

### V.     Compliance with Removal Procedures

37.     Pursuant to 28 U.S.C. § 1446(d), Key Mechanical will provide written notice of filing of this Notice of Removal by promptly serving all parties and filing a copy of this Notice of Removal with the Superior Court of the State of Washington for Pierce County, where this action was pending prior to this removal.

38.     Because there are no other parties to the state court action other than Stafford and Key Mechanical, the removal does not require the consent of any other party.

39.     Pursuant to United States District Court for the Western District of Washington LCR 101(b), Key Mechanical will, within 14 days, file with the Clerk copies of all additional records and proceedings in the State Court, if any, together with a verification that the copies are true and correct.

NOTICE OF REMOVAL – 14
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

1  WHEREFORE, Key Mechanical respectfully requests that the pending case against it in

2 the Superior Court of the State of Washington for Pierce County be removed to this Court.

3  Dated Friday, January 22, 2021:

Respectfully submitted,

SEBRIS BUSTO JAMES

 s/Darren A. Feider
Darren A. Feider, WSBA #22430
dfeider@sebrisbusto.com

 s/Matthew R. Kelly
Matthew R. Kelly, WSBA #48050
mkelly@sebrisbusto.com

15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

Attorneys for Defendant

NOTICE OF REMOVAL – 15
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

**Certificate of Service**

I certify that, on January 22, 2021, this document was served upon the persons listed below in the manner indicated next to their name:

*Attorneys for Plaintiff:*

| | |
|---|---|
| James B. Pizl<br>Entente Law PLLC<br>315 39th Ave SW, Suite 14<br>Puyallup, WA 98373<br>jim@ententelaw.com | ☐ By First Class U.S. Mail<br>☐ By Messenger<br>☒ By email, per agreement with counsel<br>☐ Other: _____ |

s/Darren A. Feider
Attorney for Defendant

NOTICE OF REMOVAL – 16
Case No. 21-CV-5063

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com