UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUDRA K. STAFFORD,<br><br>               Plaintiff,<br><br>   v.<br><br>KEY MECHANICAL CO. OF WASHINGTON,<br><br>               Defendant. | Case No. C21-5063-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Audra K. Stafford's ("Plaintiff") motion to remand to the Pierce County Superior Court ("Plaintiff's Motion"). (Pl.'s Mot. (Dkt. # 13).) Defendant Key Mechanical Co. of Washington ("Key Mechanical") opposes Plaintiff's Motion. (Def.'s Resp. (Dkt. # 15).) On March 19, 2021, Plaintiff filed her reply (Pl.'s Reply (dkt. # 18)). On March 31, 2021, this Court heard oral argument. (Dkt. # 19.) Having considered the parties' submissions, oral argument, the balance of the record, and the applicable law, the Court recommends that Plaintiff's Motion (dkt. # 13) be GRANTED in part and DENIED in part, as further explained below.

## II.     BACKGROUND

On December 23, 2020, Plaintiff filed a class action complaint in Pierce County Superior Court seeking damages for Key Mechanical's alleged failure to pay its mechanical laborers wages owed. (Pl.'s Compl. (Dkt. # 1-2) at ¶ 1.1.) Key Mechanical provides heating, ventilation, and air conditioning ("HVAC") services and is generally engaged in the construction, installation, and maintenance of commercial refrigeration. (Def.'s Notice (Dkt. # 1) at ¶ 6; Leonard Decl. (Dkt. # 3) at ¶ 2.) Plaintiff and proposed class members work, or have worked, as employees for Key Mechanical since December 23, 2017. (Pl.'s Compl. at ¶¶ 4.1, 4.2, 5.1.) Key Mechanical employed Plaintiff as a refrigeration technician. (*Id.* at ¶ 4.1.)

Plaintiff's first cause of action asserts Key Mechanical failed to pay Plaintiff and proposed class members for all travel time accrued driving company vehicles under Washington's Minimum Wage Act ("MWA"), RCW 49.46, and Wage Payment Act ("WPA"), RCW 49.48. (Pl.'s Compl. at ¶¶ 6.1-6.3.) Plaintiff's second and third causes of action allege Key Mechanical violated the Washington Industrial Welfare Act, WAC 296-126-092, MWA, and WPA by failing to provide Plaintiff and class members rest breaks of not less than 10 minutes for each four hours of working time, 30-minute meal breaks for every five hours worked, and by failing to provide 30 minutes of pay for each missed meal break. (*Id.* at ¶¶ 7.1-8.7.) Plaintiff's fourth cause of action alleges Key Mechanical failed to pay overtime wages due under the MWA based on compensable travel time and for rest and meal breaks where missed break time extended the work week beyond 40 hours. (*Id.* at ¶¶ 9.1-9.3.) Finally, Plaintiff's fifth cause of action alleges Key Mechanical violated the Washington Wage Rebate Act ("WRA"), RCW 49.52, based on its alleged withholding of wages. (*Id.* at ¶¶ 10.1-10.3.)

On January 22, 2021, Key Mechanical filed a timely notice of removal that alleged all of Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"). (Def.'s Notice at ¶¶ 1, 3.) Key Mechanical's notice of removal asserts that a labor management agreement ("LMA") between United Association Local 32 and the Mechanical Contractor's Association of Western Washington governs the terms and conditions of Plaintiff's employment relationship with Key Mechanical. (*Id.* at ¶ 9; Leonard Decl. at ¶ 3.) Key Mechanical notes that the LMA contains provisions concerning wages, overtime, travel time, and hours, as well as provisions that require Key Mechanical employees to grieve and arbitrate all disputes under the LMA. (Def.'s Notice at ¶ 10; Leonard Decl., Ex. A (Dkt. # 3-1) at 19-20.) Therefore, Key Mechanical argues that because Plaintiff's wage claims, and rest and meal break claims, all arise from and require interpretation of the LMA, § 301 preempts the entirety of Plaintiff's action. (Def.'s Notice at ¶¶ 23, 34-35.)

### III.   DISCUSSION

#### A.   Removal Standard

A civil action filed in state court may be removed to federal court if the federal court would have original subject matter jurisdiction over the claim. 28 U.S.C. § 1441. A federal court has original jurisdiction where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The removing party bears the burden to demonstrate removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus*, 980 F.2d at 567).

B.  **Motion to Remand**

   1.  *Section 301 Preemption*

Section 301 of the LMRA vests federal courts with jurisdiction to hear "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Although § 301 does not expressly provide for preemption, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). Therefore, where federal question jurisdiction is triggered under § 301, state law claims are necessarily preempted. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

Nevertheless, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold*, 832 F.3d at 1032 (quoting *Allis-Chalmers Corp*, 471 U.S. at 211). "[T]he Supreme Court has stressed that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). On this aspect, the Ninth Circuit has noted that "'[s]etting minimum wages, regulating work hours . . . and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a [collective bargaining agreement ("CBA")].'" *Id.* (quoting *Alaska Airlines v. Schurke*, 898 F.3d 904, 919-20 (9th Cir. 2018) (en banc)).

The Ninth Circuit has developed a two-step test to determine whether § 301 preempts a state law claim. *Curtis*, 913 F.3d at 1152. Under the first step, if the "asserted cause of action involves a 'right [that] exists solely as a result of the CBA," then "the claim is preempted, and [the] analysis ends there." *Id.* (quoting *Kobold*, 832 F.3d at 1032; *Burnside*, 491 F.3d at 1059) (alteration in original). In analyzing the first step, the "essential inquiry" is to determine whether the claim seeks to "vindicate a right or duty" arising from the CBA itself. *Id.* (citing *Schurke*, 898 F.3d at 921).

Under the second step, if a "plaintiff's state law right is substantially dependent on analysis" of the CBA, then the claim is also preempted. *Curtis*, 913 F.3d at 1153 (quoting *Kobold*, 832 F.3d at 1033). The second step "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Id.* (quoting *Kobold*, 832 F.3d at 1033). In this context, interpretation is "construed narrowly" and a state claim may "avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id.* (quoting *Livadas*, 512 U.S. at 124-25). The mere need to "look to," "consider," "refer to," or "apply" a CBA will not result in § 301 preemption of a plaintiff's state law claims. *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011, 1013 (9th Cir. 2018) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). In addition, "alleging a hypothetical connection between the claim and the terms of [a] CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691-92 (9th Cir. 2001); *see also Schurke*, 898 F.3d at 921.

REPORT AND RECOMMENDATION - 5

*2.  Analysis*

Plaintiff argues remand is proper in this matter because Plaintiff has proceeded solely under Washington state law in asserting her claims, and that none of her claims require interpretation of the LMA governing Key Mechanical's employees. (Pl.'s Mot. at 6.) Key Mechanical counters Plaintiff has "artfully" plead her claims to avoid reference to the LMA and § 301. (Def.'s Notice at ¶ 11; Def.'s Resp. at 7-8.) Accordingly, the resolution of Plaintiff's Motion requires this Court to determine whether Plaintiff's claims are completely preempted by § 301 under the Ninth Circuit's two-step test.

i.  <u>Wage Claims</u>

Plaintiff argues § 301 does not preempt her wage claims under the first step because her claims for unpaid travel time plainly arise from Washington state law, and not the LMA. (Pl.'s Mot. at 6.) Under the second step, Plaintiff argues her wage claims are not "substantially dependent" on an interpretation of the LMA to assess "hours worked" under Washington law because that assessment is independent of the terms of the LMA. (*Id.* at 10-12.) As such, Plaintiff argues there is no "active dispute" over the meaning of the terms of the LMA. (*Id.* at 14.) Key Mechanical contends that, under the second step, Plaintiff's wage claims are "substantially dependent" on an interpretation of the LMA to determine Plaintiff's "hours worked" and therefore, subject to § 301 preemption. (Def.'s Notice at ¶¶ 24, 28; Def.'s Resp. at 16, 18-19.)

The Court finds that Plaintiff's wage claims do not exist solely as a result of the LMA, and instead, arise as independent claims under Washington law. Based on Plaintiff's Complaint, Plaintiff's causes of action only include specific reference to Washington statutes under the MWA, WPA, and WRA for claims concerning Key Mechanical's alleged failure to pay its employees wages for time spent driving Key Mechanical vehicles. (*See* Pl.'s Compl. at

¶¶ 6.1-6.3, 9.1-9.3.) Critically, Plaintiff's wage claims do not clearly invoke any rights and benefits specific to the LMA itself. *See Curtis*, 913 F.3d at 1152-53; *Schurke*, 898 F.3d at 921. Key Mechanical also does not dispute Plaintiff's wage claims arise under Washington law under this first step. (*See* Def.'s Resp. at 18.)

Under the second step, the Court finds Plaintiff's wage claims are not "substantially dependent" on an analysis of the LMA. Here, the parties do not dispute that resolution of Plaintiff's wage claims for travel time will principally require a court to assess Washington law to determine:

1. The extent to which the employee is free to make personal stops and engage in personal activities during the drive time between home and the first or last job site of the day, or whether the vehicle may only be used for company business.

2. The extent to which the employee is required to respond to work related calls or to be redirected while enroute.

3. Whether the employee is required to maintain contact with the employer.

4. The extent to which the employee receives assignments at home and must spend time writing down the assignments and mapping the route to reach the first job site before beginning the drive.

*See Hours Worked*, Wash. Dep't of Labor & Indus., Admin. Policy ES.C.2 at 1-3 (rev. Sept. 2, 2008); *see also* WAC 296-126-002(8) ("Hours worked" shall be considered to mean all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place). However, the parties disagree as to whether any provisions of the LMA will need assessed to determine Plaintiff's "hours worked."

Plaintiff argues that Administrative Policy ES.C.2 only requires factual inquiries that remain independent of any need to interpret terms in the LMA to assess "hours worked." (Pl.'s Mot. at 11-13.) Key Mechanical argues that under Article XX of the LMA, an interpretation of

REPORT AND RECOMMENDATION - 7

"necessary tools" is directly relevant to assessing whether Plaintiff's travel time was "on duty" for purposes of WAC 296-126-002(8) and determining Plaintiff's "hours worked." (Def.'s Notice at ¶¶ 28-32; Def.'s Resp. at 19-21.) On this point, Key Mechanical argues an interpretation under the LMA of what it means that Key Mechanical had the authority to "subject the tools to inspection by the Employer at all reasonable times," and required Plaintiff to "exercise reasonable care over all tools furnished" is also necessary to assess Plaintiff's travel time for "hours worked." [1] (Def.'s Resp. at 19-21.)

    Key Mechanical fails to explain how or why any provision of the LMA is ambiguous under the second step such that a court would need to interpret terms in the LMA to assess Plaintiff's "hours worked" rather than merely apply it if necessary. In this way, this case is similar to *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007). In *Burnside*, a proposed class of employees sought wages for time spent traveling between designated meeting points and their actual job sites. 491 F.3d at 1055. The proposed class members were covered by five separate CBAs that contained provisions designating compensation for travel time between a "reporting point" and "jobsite," and distinguishing between employer-mandated travel and voluntary travel. *Id.* at 1056-57. The employees' complaint in *Burnside* did not reference the CBAs, but instead asserted claims solely under California state law. *Id.* at 1058. The Ninth Circuit examined the relevant CBA provisions, and concluded § 301 preemption did not apply

---

[1] Defendant's response additionally raised Article XXIII, Section 2(E) of the LMA (in reference to travel "for the purpose of delivery") to claim Plaintiff's wage claims for travel time are preempted by § 301. (Def.'s Resp at 18-19.) However, Plaintiff correctly notes Defendant did not cite this provision of the LMA in its Notice of Removal. (*See* Def.'s Notice at ¶ 31.) Because more than thirty days have passed since this action was removed from the Pierce County Superior Court, Key Mechanical may not rely on a different basis in opposition to a motion to remand than what was initially asserted in its Notice of Removal. *See, e.g.*, *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969).

REPORT AND RECOMMENDATION - 8

under the second step because the employees' wage claims could be resolved by merely "looking to" the CBA provisions rather than needing to "interpret" them. *Id*. at 1071.

Here, like *Burnside*, should an examining court need to consult any relevant portions of the LMA to determine Plaintiff's "hours worked" the court should only need to "look to" rather than "interpret" such provisions in the LMA. Defendant has not demonstrated any of its cited LMA provisions are inherently ambiguous on their face. *See McCray*, 902 F.3d at 1011-12 (citing *Kobold*, 832 F.3d at 1040) ("[R]eading and applying relevant, unambiguous provisions of the CBA require[s] the court to only 'look to,' rather than 'interpret,' the agreement."); *Schurke*, 898 F.3d at 927 ("[R]eliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment."); *see also Burnside*, 491 F.3d at 1071-72. And though an examining court may need to engage in a factual inquiry to determine the degree of control Key Mechanical exercised over its employees' travel time to assess "hours worked," such factual inquiries remain independent of any need to "interpret" terms of the LMA. *See Burnside*, 491 F.3d at 1072 ("The need for a purely factual inquiry that does not turn on the meaning of any provision of a collective-bargaining agreement . . . is not cause for preemption under [§] 301.") (citation and internal quotations omitted.) Therefore, Key Mechanical may not "manufacture preemption" in this case by alleging a hypothetical connection between Plaintiff's wage claims and terms contained in the LMA. *See Schurke*, 898 F.3d at 921, 927; *Cramer*, 255 F.3d at 691. The Court concludes § 301 preemption does not apply to Plaintiff's wage claims as her claims do not involve a right existing solely as a result of the LMA and are not "substantially dependent" on an analysis of the LMA.

REPORT AND RECOMMENDATION - 9

1          ii.     Rest and Meal Break Claims

2          Plaintiff next asserts that, for § 301 purposes, her claims for rest and meal breaks exist

3   independently of the LMA under Washington law under the first step. (Pl.'s Mot. at 14-15.) Key

4   Mechanical contends Plaintiff's entitlement to rest and meal breaks arises from the LMA

5   because the construction industry exception provided under RCW 49.12.187 applies and allows

6   Washington rest and meal break law to be superseded by Plaintiff's right to rest and meals breaks

7   in the LMA. (Def.'s Notice at ¶¶ 17, 23.)

8          On this issue, Plaintiff specifically argues RCW 49.12.187 does not apply because: (1)

9   Plaintiff's right to rest and meal breaks is not altered by function of RCW 49.12.187; (2) whether

10  RCW 49.12.187 applies is a "state law matter of statutory interpretation" that this Court lacks

11  jurisdiction to resolve; and (3) the LMA at issue here is not a CBA for the purposes of RCW

12  49.12.187's applicability. (Pl.'s Mot. at 14-21.) Plaintiff notes that if RCW 49.12.187's

13  exception does not apply, then under § 301, she has an independent, statutory right to rest and

14  meal breaks under WAC 296-126-092, and that under the second step, determining whether

15  RCW 49.12.187 applies to the facts of this case would not require interpretation of the LMA.[2]

16  (*Id.* at 15, 17-18.) However, Plaintiff concedes that—if the Court determines RCW 49.12.187's

17  exception does apply—the Court should dismiss Plaintiff's rest and meal break claims as

18  presently raised under WAC 296-126-092 because the LMA would supersede state law. (*Id.* at

19  15, 21.)

---

[2] WAC 296-126-092 requires that "[e]mployees shall be allowed" rest and meal periods. Under Washington law, an employer has a "mandatory obligation" to provide rest and meal breaks and to ensure that those breaks "comply with the requirements of WAC 296-126-092." *Brady v. Autozone Stores, Inc.*, 188 Wash.2d 576, 583 (2017).

REPORT AND RECOMMENDATION - 10

Here, the Court finds Plaintiff's right to rest and meal breaks arises from the LMA. First, based on the construction of RCW 49.12.187, the construction industry exception applies to Plaintiff. RCW 49.12.187 provides:

> This chapter shall not be construed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing concerning wages or standards or conditions of employment. *However, rules adopted under this chapter regarding appropriate rest and meal periods as applied to employees in the construction trades may be superseded by a collective bargaining agreement negotiated under the national labor relations act, 29 U.S.C. Sec. 151 et seq., if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods.*
>
> Employees of public employers may enter into collective bargaining contracts, labor/management agreements, or other mutually agreed to employment agreements that specifically vary from or supersede, in part or in total, rules adopted under this chapter regarding appropriate rest and meal periods.

RCW 49.12.187 (emphasis added). As previously noted, Key Mechanical provides HVAC services and is generally engaged in the construction, installation, and maintenance of commercial refrigeration. (Def.'s Notice at ¶ 6; Leonard Decl. at ¶ 2.) Plaintiff worked as a refrigeration service technician for Key Mechanical, and the proposed class members consist of mechanical laborer employees. (*See* Pl.'s Compl. at ¶ 4.1.) For purposes of deciding the instant motion, the Court finds Plaintiff is an employee in the construction trade to whom RCW 49.12.187 applies.[3] Furthermore, the LMA at issue was negotiated under the National Labor

---

[3] In a footnote in her Reply, Plaintiff argues she is a service employee who does not work on a construction site, and as such, the question of whether she and the proposed class members work within the "construction" industry requires further discovery to resolve. (Pl.'s Reply at 11 n.3.) Plaintiff additionally raised that the question of whether the proposed class constitutes "construction" employees for purposes of RCW 49.12.187 remains an issue of state law. (*Id.*) However, Plaintiff failed to raise either issue in her Motion, and instead, raised both of these issues for the first time in a footnote in her reply brief. Therefore, the Court declines to consider either issue. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 11

Relations Act, 29 U.S.C. § 151 *et seq.* ("NLRA") and the LMA provides rest and meal period requirements, as both required by RCW 49.12.187 for the exception to apply. (*See* Leonard Decl., Ex. A at 9-10, 41-42.) The Court therefore concludes that, on its face, RCW 49.12.187's construction industry exception applies to Plaintiff, and by its function, Plaintiff's right to rest and meal break claims presently alleged under WAC 296-126-092 is superseded by her right to rest and meal breaks as provided in the LMA.

Next, the Court finds Plaintiff has failed to present a "state law matter of statutory interpretation" or demonstrate any material ambiguity in RCW 49.12.187 that would otherwise bar the Court's application of RCW 49.12.187. On this point, Plaintiff argues RCW 49.12.187 requires statutory interpretation because a general employee's right to rest and meal breaks under RCW 49.12.187 may be superseded by a "collective bargaining agreement negotiated under the [NLRA]" while a public sector employee's right may be superseded by "collective bargaining contracts, labor/management agreements, or other mutually agreed to employment agreements." (*Id.* at 19-21 (citing RCW 49.12.187).) Consequently, Plaintiff argues that the decision to use different language in different provisions of the statute was intentional and must be given effect under canons of statutory interpretation. (*Id.*; Pl.'s Reply at 10-11.)

However, the Court does not find RCW 49.12.187's construction industry exception ambiguous in the first instance such that canons of statutory interpretation need be consulted. *See Silverstreak, Inc. v. Washington State Dep't of Labor & Indus.*, 159 Wash.2d 868, 881 (2007) ("[W]here a regulation is clear and unambiguous, words in a regulation are given their plain and ordinary meaning unless a contrary intent appears."); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ("The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute

what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous.") (citation omitted). Furthermore, the Court can discern no meaningful difference between the LMA and a CBA that would require statutory interpretation in this case. As considered earlier, Section 1 of Article II of the LMA notes the LMA was a product of collective bargaining under the NLRA, which satisfies the requirement for the construction industry exception to apply under RCW 49.12.187. (*See* Leonard Decl., Ex. A at 9-10.) Plaintiff fails to cite any authority demonstrating a distinct difference between an LMA and a CBA in this context, and courts have previously used the term "labor-management agreement" and "collective bargaining agreement" interchangeably. *See Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1135 (9th Cir. 2016) (finding under step two of a § 301 preemption analysis that "[o]ne could view these agreements as agreed-upon CBA interpretations on the very issue that [defendant] contends remains disputed . . . or one could view them as independent labor-management agreements, which would also be covered by § 301 of the LMRA . . . .") (citation omitted); *see also United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*, 2011 WL 130335, at *1, 3 (W.D. Wash. Jan. 14, 2011) (referring to a "Labor/Management Agreement" as a "CBA").

Plaintiff cites to the Ninth Circuit's decision in *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018) to argue that Plaintiff's right to rest and meal breaks arises under state law because a right subject to waiver exists independently of the CBA until it is actually waived and that statutory exemptions, such as RCW 49.12.187, require statutory interpretation by a Washington state court as to its scope and application. (Pl.'s Mot. at 15-16.) In *McCray*, a group of California hotel workers sued their employer for violating a city ordinance that set minimum wage at $10 per hour. 902 F.3d at 1008. The ordinance allowed employers and unions

REPORT AND RECOMMENDATION - 13

to waive the minimum wage through a CBA and the hotel and union amended their CBA to integrate such a waiver. *Id.* at 1008-09. Upon suit, the hotel sought to remove the plaintiffs' claims on a complete-preemption theory under the LMRA. *Id.* at 1009. On appeal, the Ninth Circuit concluded the hotel workers' rights to be paid a minimum wage "arise under state law" and "would exist with or without the CBA" despite the opt-out provision in the CBA. *Id.* at 1010-11. The Ninth Circuit additionally found, under the second step of § 301 preemption analysis, that whether the city ordinance allowed for waiver of the plaintiff's right to a minimum wage was a matter of statutory interpretation of the ordinance itself, and not the CBA. *Id.* at 1012-13.

Plaintiff's citation to *McCray* is inapposite. The issue in the instant case is not whether Plaintiff "waived" her right to rest and meal breaks through a provision contained in the LMA. Unlike the waiver issue present in *McCray*, by function of RCW 49.12.187 itself, RCW 49.12.187 "supersedes" Plaintiff's right to statutory rest and meal break rights under WAC 296-126-092 because Plaintiff is an employee in the construction trade covered by a requisite CBA with the required rest and meal break provisions. Furthermore, *McCray* does not suggest that under the first step of a § 301 preemption analysis that RCW 49.12.187 must be interpreted by a Washington state court to determine whether Plaintiff's right to rest and meal breaks arise under Washington law. Instead, the Ninth Circuit in *McCray* determined statutory interpretation of the ordinance at issue was appropriate under the second step of a § 301 preemption analysis in finding that the hotel workers' state law right was not substantially dependent on an analysis of the CBA. *See* 902 F.3d at 1012-13.

On this issue, the Court finds Key Mechanical's reference to *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019) instructive. In *Curtis*, the Ninth Circuit found that a plaintiff's

REPORT AND RECOMMENDATION - 14

unpaid overtime claim was statutorily barred by California Labor Code § 514 because the terms of the plaintiff's employment were governed by a valid CBA that met the requirements of the statute, which excepted plaintiff's employer from compliance with California state law overtime requirements. 913 F.3d at 1153-54. The Ninth Circuit concluded that because the plaintiff's right to overtime "exist[ed] solely as a result of the CBA" due to the effect California Labor Code § 514, the plaintiff's claim failed under § 301 at the first step. *Id.* at 1155. Like *Curtis*, here § 301 preempts Plaintiff's rest and meal break claims at the first step because her rights are grounded in the CBA given the application of RCW 49.12.187's construction industry exception. *See Curtis*, 913 F.3d at 1153-55; *see also Marquez v. Toll Global Forwarding*, 804 Fed.App'x. 679, 679-80 (9th Cir. 2020); *Paul & Hope Troupe v. KLB Constr., Inc.*, 2010 WL 11688491, at *2 (W.D. Wash. July 7, 2010) ("Because meal break rights are negotiable, and because they were created by the agreement in this case, Plaintiff's claims for missed breaks are preempted by [§] 301."). Plaintiff argues *Curtis* is distinguishable because the California courts had already addressed the state law statutory interpretation issues raised by the plaintiff in that case. (Pl.'s Mot. at 17 (citing *Curtis*, 913 F.3d at 1154-55).) But as previously explained above, Plaintiff has failed to establish any issues of statutory interpretation pertaining to RCW 49.12.187 and its application in this matter.

      Finally, Plaintiff points to this Court 's previous decision in *Lowry v. Ralph's Concrete Pumping, Inc.*, which found in evaluating RCW 49.12.187 that "the right to rest and meal breaks exists as a matter of state law." 2013 WL 2099519, at *3 (W.D. Wash. May 14, 2013). In addressing a defendant's argument that the right to rest and meal breaks existed under the at-issue CBAs because RCW 49.12.187 superseded WAC 292-126-092 under the construction industry exception, the Court in *Lowry* reasoned:

REPORT AND RECOMMENDATION - 15

> [T]he choice of language and a condition subsequent—the requirement of rest and meal periods in a CBA—militates against finding that the right at issue was created by [the employer's] labor contracts. If [the employer's] CBAs were silent with respect to rest and meals periods or did not prescribe the rest and meal requirements, the right to rest and meal breaks would still exist, as codified in WAC 296-126-092. Thus, the right at issue came into existence entirely independently and is vested in Washington's employees directly, not through the medium of [the employer's] CBAs.

*Id.* (internal quotations and citation omitted). However, this Court's decision in *Lowry* predates the Ninth Circuit's decision in *Curtis*, which rejected a similar argument that a "condition subsequent" in the California state law at issue meant the right existed as a matter of state law. *See Curtis*, 913 F.3d at 1153 ("[Plaintiff's] argument fails, however, in light of Section 510(a)(2), which provides that the 'requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a CBA pursuant to Section 514.'") Accordingly, the Court concludes Plaintiff's right to rest and meal breaks arises under the LMA, and not as an independent matter of Washington state law. Because Plaintiff's rest and meal break claims exist as a result of LMA, they are preempted at this first step of the § 301 analysis and do not require further analysis under the second step. *See Curtis*, 913 F.3d at 1155; *Kobold*, 832 F.3d at 1032; *see also Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *5 (C.D. Cal. Oct. 6, 2020).

In conclusion, the Court recommends that Plaintiff's Motion be granted as to Plaintiff's wage claims raised under the MWA, WPA, and WRA for her first, fourth, and fifth causes of action in the complaint and that those claims be remanded back to the Pierce County Superior Court. The Court further recommends that Plaintiff's Motion be denied as to Plaintiff's rest and meal break causes of action under her second and third causes of action in the complaint. Finally, as conceded by Plaintiff in her briefing, because the Court concludes the LMA governs her rest and meal break claims under the first step, and not WAC 296-126-092 as presently alleged in her

REPORT AND RECOMMENDATION - 16

complaint, the Court recommends Plaintiff's second and third causes of action, and any related claims to rest and meal breaks in her fourth and fifth causes of action, be dismissed.

### C.     Attorney's Fees

Plaintiff additionally moves for reasonable attorney's fees and costs as a result of Key Mechanical's removal of this action. (Pl.'s Mot. at 21-22.) When a court remands an improperly removed action, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fees are appropriate when removal lacks "an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Because the Court grants and denies Plaintiff's Motion, the Court does not find Key Mechanical's contentions regarding removal were so objectively unreasonable as to warrant fees under 28 U.S.C. § 1447(c). Accordingly, this Court recommends that Plaintiff's request for attorney fees and costs be denied.

### IV.     CONCLUSION

For the foregoing reasons, the Court recommends that: (1) Plaintiff's Motion (dkt. # 13) be GRANTED in part as to Plaintiff's wage claims for travel time and overtime, and DENIED in part as to Plaintiff's rest and meal break claims; (2) Plaintiff's rest and meal break claims be DISMISSED as preempted under § 301 of the LMRA; (3) Plaintiff's request for attorney's fees be DENIED; and (4) that this case be REMANDED to the Pierce County Superior Court for adjudication of Plaintiff's wage-based claims. A proposed Order accompanies this Report and Recommendation.

1   Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 14, 2021.**

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 27th day of April, 2021.

*/s/ Michelle L. Peterson*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 18